Martin, J.
delivered the opinion of the court, sprits were brought by attachment on two notes of the defendant, before the arrival of the day m which they were made payable. The suits *29 being brought on different days, were consol?» dated. Before the trial, the defendant prayed that the attachment on one of the suits might be dismissed, the affidavit and petition not shewing a sufficient cause. The court overruled the motion and be took his bill of exceptions. There was afterwards a judgment for the plaintiff and the defendant appealed.
The affidavit establishes the debt and the residence of the defendant out of the state, and the petition avers his failure.
His counsel contends that the attachment ought to have been dismissed, as no evidence was given of the protest of any of the defendant’s notes or any legal proceedings or any act of bankruptcy.
We are of opinion that the district court did not err. The petition averred the failure of the defendant, and this under our statute authorized the suit. Civ. Code, 276, art. 88. The affidavit established the only two facts which the law requires — the existence of the debt and the residence out of the state of the defendant.
On the merits, the execution of the note is admitted by the statement of facts, and the depositions which come up with the record establish 4the failure of the defendant.
*30 But the defendant’s counsel contends that one of the creditors of an insolvent has no privilege and caniiot attach his property, which must remain liable to the claims of all generally. As long as proceedings at law against a debtor’s person and property have not been stayed, any of his creditors may resort to either for the payment or security of his debt. Whether he does attach or receive goods or money for the joint benefit of all, or to his own private use, is a question useless to be discussed in the present case. _
The defendant’s counsel further contends that the property attached, though once the debtor’s, has ceased to be his by assignment, which the court must presume to have been followed by delivery, although none be proved. If no delivery be proven the consequence is the same as in all other cases, lie non apparentibus et non existentibux eadem est lex.
It is, therefore, ordered, adjudged and decreed? that the judgment of the district court be affirmed with costs.